***********
Upon review of the competent evidence of record, with reference to the errors assigned, and finding good grounds to receive further evidence, the Full Commission finds that good grounds exist to re-open the record and to receive further evidence.
 ***********
Plaintiff sustained an admittedly compensable work injury on October 15, 2002, when a co-employee held her hostage, at gun point, for several hours, threatened to kill Plaintiff both verbally and by pointing a loaded gun at her, and then ultimately committed suicide in the presence of Plaintiff by shooting herself. Once the police heard the gunshot, they stormed the room Plaintiff and the co-employee were in, mistook Plaintiff as the shooter, and grabbed her, *Page 2 
presumably to take Plaintiff into custody. At the time of the October 15, 2002 work injury, Century Care of Fayetteville (hereinafter referred to as "Defendant-Employer") employed Plaintiff as the assistant director of nursing of their Fayetteville, North Carolina nursing home facility. Following the October 15, 2002 work injury, Plaintiff never returned to work with either Defendant-Employer or any other employer.
The issues in contention are: (1.) Whether Plaintiff is permanently and totally disabled? (2.) Whether Plaintiff is entitled to recover permanent total disability benefits under the North Carolina Workers' Compensation Act? (3.) Whether Plaintiff's disability from the October 15, 2002 work injury is over, and whether Century Care of Fayetteville and Key Risk Insurance Co. (hereinafter referred to as "Defendants") may cease payment of disability compensation, accordingly? (4.) Whether Plaintiff's current psychological condition is causally related to the October 15, 2002 work injury? (5.) Whether Plaintiff requires additional medical or psychological treatment for the October 15, 2002 work injury? (6.) Whether Plaintiff is at maximum medical/psychological improvement, and is entitled to compensation for any permanent partial disability? The Deputy Commissioner concluded that Plaintiff's disability from the October 15, 2002 work injury was over, that Plaintiff reached maximum medical improvement, without any permanent disability, by August 2003, and denied Plaintiff's claim for any further disability and for any further medical/psychological benefits.
As a result of Plaintiff's October 15, 2002 work injury, Plaintiff came under the care and the treatment of several psychologists and physicians. On Plaintiff's Form 44, she claimed that the Deputy Commissioner failed to include some of the medical records from some of these health care providers. Specifically, Plaintiff claims that "stipulated documents numbered 000143-155, Tab 9" did not get included in the record of these proceedings. *Page 3 
Further, during the hearing before the Deputy Commissioner, Plaintiff apparently lost consciousness, at which time emergency medical personnel came to treat her. Due to this incident, the Deputy Commissioner ended the hearing. At the conclusion of the hearing, the transcript indicates that Defendants' counsel concluded his examination of the witness; however, Plaintiff's counsel did not get the opportunity to examine Plaintiff, or to present any other type of evidence.
Due to the fact that there appears to be both incomplete documentary evidence, as well as incomplete witness testimony, the Full Commission is of the opinion that the record needs to be re-opened for the receipt of additional evidence.
Therefore, the Full Commission hereby ORDERS that this matter be Remanded to Deputy Commissioner Chrystal Redding Stanback for the taking of any additional evidence Plaintiff intends to present, as well as to resolve the issues raised by the incomplete medical and/or other records. Deputy Commissioner Stanback shall gather the evidence, shall order a transcript of the proceedings to be held before her, and shall forward such transcript to the Full Commission for review. Upon receipt of the transcript of the remanded proceedings before Deputy Commissioner Stanback, the Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner. *Page 4 
This the ___ day of September 2008.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/___________________ DANNY LEE McDONALD COMMISSIONER
S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1